IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNA MARIE ESSARY,

     Plaintiff,

vs.                                                          Civ. No. 02-450 JP/ACT

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant.

MEMORANDUM OPINION AND ORDER

On January 14, 2003, the Honorable Don J. Svet entered his Magistrate Judge's Proposed Findings

and Recommended Disposition (Doc. No. 13).[1]  Judge Svet recommended denying the Plaintiff's Motion to

Reverse and Remand Administrative Decision, filed October 25, 2002 (Doc. No. 8).  On January 27, 2003,

the Plaintiff timely filed Plaintiff's Objections to Proposed Findings (Doc. No. 14).  Having made a *de

novo* determination of those portions of the proposed findings and recommended disposition objected to by

the Plaintiff, the Court finds that Judge Svet's proposed findings and recommended disposition should be

adopted, except for Judge Svet's determinations concerning the weight of the opinions of Drs. Bankurst and

Giovanniello and the need to obtain treatment records or offices notes from Drs. Bankurst and

Giovanniello.  The Court, therefore, concludes that this matter should be remanded to the Commissioner of

Social Security (Commissioner) for those limited purposes.  *See* 28 U.S.C. §636(b)(1)(C).

The Plaintiff in this social security appeal primarily suffers from fibromyalgia, a condition

consisting of feeling pain all over the body.  "[I]ts symptoms are entirely subjective" and "[t]here are no

laboratory tests for the presence or severity of fibromyalgia."  *Sarchet v. Chater*, 78 F.3d 305, 306-07 (7th

Cir.1996).  A patient who has at least 11 out of a possible 18 tender spots (fixed spots on the body which if

---

[1]On March 5, 2003, this case was transferred from Judge Svet to the Honorable Alan C.
Torgerson.  Minute Order (Doc. No. 15).

firmly pressed causes the patient to flinch) is diagnosed as having fibromyalgia. *Id.* This is the criteria

adopted by the American College of Rheumatology in diagnosing fibromyalgia. *See Puckett v. Barnhart*,

___ F.Supp.2d ___, 2003 WL 1831066 *6 n.10 (E.D. Tex.).

In his discussion of the Plaintiff's fibromyalgia, the Administrative Law Judge (ALJ) credited the

report of a consulting physician, Dr. Jakins. Dr. Jakins found that the Plaintiff could perform light work.

The ALJ, however, did not give much weight to three of the Plaintiff's physicians: Dr. Bankurst (saw the

Plaintiff twice), Dr. Giovanniello (saw the Plaintiff once), and Dr. Ashdown (saw the Plaintiff multiple

times). In her appeal, the Plaintiff argues, among other things, that the ALJ erred by not according more

weight to the opinions of these three physicians and not obtaining treatment records or office notes from

Drs. Bankurt and Giovanniello. Judge Svet agreed with the reasoning of the ALJ and ultimately denied the

Plaintiff's motion to reverse or remand. The Plaintiff objects to Judge Svet's proposed findings of fact and

recommended disposition for several reasons. Only the objection regarding the weight of Dr. Bankurst and

Dr. Giovanniello's opinions deserves further analysis.

> The following is the ALJ's discussion of Dr. Bankurst and Dr. Giovanniello's opinions.
>
> [Dr. Jakin's] conclusions are in contrast to those offered by A. Bankurst M.D. who has examined Ms. Essary on two occasions. His actual records are not included. His submission of a functional capacity report is deemed only a recitation of Ms. Essary's complaints and his conclusions are not based on any substantive clinical information that I can deduce (Exhibit 11 F).
>
> M. Giovanniello, M.D. saw Ms. Essary once. He states that fibromyalgia was diagnosed based on her symptoms and recommended only part-time sedentary work (Exhibit 15F6). His actual records are not included. I also reject his opinion as uncorroborated by objective data.

Tr. 22.  Contrary to the ALJ's conclusion that the opinions of Drs. Bankhurst and Giovanniello are not

supported by objective or clinical data, the reports by Drs. Bankhurst and Giovanniello indicate that the

Plaintiff meets the American College of Rheumatology's criteria for fibromyalgia. Tr. 204, 226. Meeting

this criteria is the only objective means of determining the presence of fibromyalgia. Moreover, if the ALJ

had doubts about whether the Plaintiff met the criteria for fibromyalgia, the ALJ should have asked Drs.

Bankhurst and Giovanniello to produce their treatment records or office notes.  *See* 20 C.F.R. §404.1512(e)(recontacting medical sources for copies of records or more detailed reports).

In sum, the Court finds that the Magistrate Judge's proposed findings should be adopted with the exception of the findings discussed above; and this case should be remanded to the ALJ to reconsider the weight to be given to the opinions of Drs. Bankurst and Giovanniello and to obtain the treatment records or office notes created by Drs. Bankurst and Giovanniello.

IT IS ORDERED that:

1. the Magistrate Judge's Proposed Findings of Fact and Recommended Disposition (Doc. No. 13) are adopted, except as to Judge Svet's determinations concerning the opinions of Drs. Bankurst and Giovanniello and the need to obtain the treatment records or office notes of Drs. Bankurst and Giovanniello;

2.  Plaintiff's Motion to Reverse and Remand Administrative Decision, filed October 25, 2002 (Doc. No. 8) is granted in part; and

3.  this matter will be remanded to the Commissioner for the purpose of reconsidering  the weight to be given to the opinions of Drs. Bankurst and Giovanniello and for obtaining the treatment records or office notes created by Drs. Bankurst and Giovanniello.

_____

CHIEF UNITED STATES DISTRICT JUDGE